R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Jasmine A. Fierro-Maciel (16046)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
jfierro-maciel@djplaw.com

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| DONALD BEATTY, an individual, | **ANSWER** |
| Plaintiff, | (Jury Demand) |
| v. | |
| DAVIS COUNTY, a political subdivision of the state of Utah; DANIEL L. YEAMAN, in his official and individual capacities, | Civil No.: 1:18-cv-00135 |
| Defendants. | Magistrate Judge Brooke C. Wells |

Defendants Davis County and Daniel L. Yeaman (collectively "Defendants"), by and through undersigned counsel, and in response to Plaintiff's Complaint, hereby answer, allege, and defend as follows:

### **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

Answering the allegations contained the numbered paragraphs in the Complaint, Defendants admit, deny, and allege as follows:

### PRELIMINARY STATEMENT AND INTRODUCTION

1. Defendants deny Plaintiff's preliminary statement and introduction in entirety. Defendants also object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in this paragraph.

### PARTIES

2. Answering paragraph 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 1.

3. Answering paragraph 2, Defendants admit the allegations in paragraph 2.

4. Answering paragraph 3, Defendants admit that during the relevant time period, Defendant Daniel L. Yeaman ("Lt. Yeaman") was employed as a Lieutenant of Davis County Sheriff's Office ("DCSO").

### JURISDICTION AND VENUE

5. Answering paragraphs 4 and 5, Defendants admit that this Court has jurisdiction and that venue is proper, but deny the remaining allegations in paragraphs 4 and 5.

### FACTUAL BACKGROUND

6. Answering paragraph 6, Defendants admit that DCSO Deputy David Passmore arrested Plaintiff. Defendants deny the remaining allegations in paragraph 6.

7. Answering paragraphs 7, 8, and 9, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 7, 8, and 9.

8. Answering paragraph 10, Defendants admit that during the relevant time period, Lt. Yeaman was employed as a Training Coordinator for DCSO. Defendants deny the remaining allegations in paragraph 10.

9. Answering paragraph 11, Defendants deny the allegations in paragraph 11.

10. Answering paragraph 12, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from. Subject to, and without waving this objection, Defendants deny the allegations in paragraph 12.

11. Answering paragraphs 13, 14, and 15, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 13, 14, and 15.

12. Answering paragraph 16, Defendants deny the allegations in paragraph 16.

13. Answering paragraphs 17 and 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 17 and 18.

14. Answering paragraphs 19, 20, and 21, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from. Subject to, and without waving this objection, Defendants deny the allegations in paragraphs 19, 20, and 21.

15. Answering paragraphs 22 and 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 22 and 23.

16. Answering paragraphs 24 and 25, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from. Subject to, and without waving this objection, Defendants deny the allegations in paragraphs 24 and 25.

17. Answering paragraph 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 26.

18. Answering paragraph 27, this paragraph does not call for a response because it merely summarizes or quotes language from an alleged email from Plaintiff to Lt. Yeaman. To the extent an answer is required, Defendants deny the allegations in paragraph 27, and state that any such email speaks for itself.

19. Answering paragraph 28, this paragraph does not call for a response because it merely summarizes or quotes language from an alleged email from Lt. Yeaman to Plaintiff. To the extent an answer is required, Defendants deny the allegations in paragraph 28, and state that any such email speaks for itself.

20. Answering paragraph 29, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 29.

21. Answering paragraph 30, this paragraph does not call for a response because it merely summarizes or quotes language from an alleged email from Lt. Yeaman to Plaintiff. To

the extent an answer is required, Defendants deny the allegations in paragraph 30, and state that any such email speaks for itself.

22. Answering paragraph 31, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 31.

23. Answering paragraph 32, Defendants deny the allegations in paragraph 32.

24. Answering paragraphs 33, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 33.

25. Answering paragraphs 34 and 35, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 34 and 35.

26. Answering paragraph 36, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from. Subject to, and without waving this objection, Defendants deny the allegations in paragraph 36.

27. Answering paragraphs 37, 38, 39, 40, 41, and 42, Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 37, 38, 39, 40, 41, and 42.

SLC_3969696.1

## FIRST CLAIM FOR RELIEF
(First Amendment – Yeaman)

28. Answering paragraph 43, Defendants incorporate by reference their previous responses to paragraphs 1 through 42.

29. Answering paragraphs 44, 45, 46, and 47, Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 44, 45, 46, and 47.

30. Answering paragraph 48, Defendants deny the allegations in paragraph 48.

## SECOND CLAIM FOR RELIEF
(First Amendment – Davis County)

31. Answering paragraph 49, Defendants incorporate by reference their previous responses to paragraphs 1 through 48.

32. Answering paragraph 50, Defendants admit that during the relevant time period, Lt. Yeaman was employed as a Lieutenant and Internal Affairs Investigator of DCSO. Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the remaining allegations in paragraph 50.

33. Answering paragraph 51, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 51.

34. Defendants deny Plaintiff's prayer for relief in its entirety as well as denying any demand or prayer for judgment or relief contained elsewhere in the Complaint, and further

6

SLC_3969696.1

affirmatively assert and allege that Plaintiff is not entitled to any award of relief or damages from Defendants or the entry of a judgment against Defendants in any form.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Causes of Action, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as any and all actions or inactions on the part of Defendants do not violate clearly established law, were objectively reasonable, and therefore Defendants have qualified immunity from suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has suffered no compensable injury or damage as a result of Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate his damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or appropriately reduced.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages sustained as alleged in the Complaint were caused, in whole or in part, by the acts or omissions of Plaintiff and/or third parties over whom the Defendants had no control or right of control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, without malice and without the intent to violate the Plaintiff's civil rights.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, and prosecutorial immunity.

## NINTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of costs and attorneys' fees in defense of this action pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

## JURY DEMAND

Defendants demand a jury trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 31st day of December, 2018.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Jasmine A. Fierro-Maciel
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served this 31st day of December, 2018, via electronic filing upon the following:

Karra J. Porter
Jacob W. Macfarlane
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Email:  Karra.Porter@chrisjen.com
　　　　Jake.Macfarlane@chrisjen.com

/s/ Marissa Beaty
Legal Secretary